TRUST AND DEPOSIT COMPANY OF ONONDAGA, TRUSTEE, ETC., RESPONDENT, *v.* DANIEL PRATT AND OTHERS, EXECUTORS, ETC., APPELLANTS, IMPLEADED, ETC.

*Executor who commits devastavit and dies before an accounting — remedy against his sureties — Appeal from interlocutory judgment overruling a demurrer with leave, etc.*

Where an executor, who has committed a *devastavit* is dead, a court of equity will, although the *devastavit* has not been adjudged to exist, take cognizance of a suit brought against the sureties on the executor's bond, or their representatives and the persons interested in any estate the executor may have left, and will hold them liable for any waste or misapplication of assets; although this could not be done in an ordinary case where the executor is alive and within reach of a court of law or the Surrogate's Court.

*Semble,* that an appeal does not lie to the General Term from an interlocutory judgment, to the effect that the plaintiffs have judgment unless the defendants who have interposed a demurrer answer over within twenty days, etc.

APPEAL by certain of the defendants from an interlocutory judgment overruling a demurrer served in this action, with leave to the defendants to withdraw their demurrer and put in an answer within twenty days upon payment of costs. The judgment further appointed a referee to report as to the waste in the complaint alleged to have been committed.

*D. Pratt,* for the appellants.

*G. Doheny,* for the respondent.

TALCOTT, J. :

This suit is commenced by the plaintiff as trustee of the estate of Elizabeth D. Bristol, otherwise known as Elizabeth D. Bristol

Sweet, appointed such trustee by an order of the Supreme Court at a Special Term held in the county of Onondaga on the 23d of May, 1873. The action is a suit in equity against the administrator and administratrix of John A. Green, deceased, and John M. Jaycox, and against the appellants as the executors of James P. Haskin, deceased, and this appeal is taken from what is called an interlocutory judgment entered in the case under an order of Mr. Justice MULLIN, made at the Onondaga Special Term, overruling a demurrer to the complaint in the case and ordering that the plaintiff have judgment thereon, but with leave to the said defendants to withdraw their demurrer and put in an answer within twenty days on payment of costs. The demurrer was interposed by Daniel Pratt and others, the executors of James P. Haskin, deceased, who are made parties defendant in their representative character, upon the ground that the said James P. Haskin was in his lifetime one of the sureties of John A. Green, also deceased, as one of the executors of the will of the said Elizabeth D. Bristol. None of the other defendants have answered in the case, and the appellants, as the executors of the will of the said James P. Haskin, have demurred to the complaint specifying the following causes of demurrer, viz.:

1. That the plaintiff has not legal capacity to sue in this case, as the bond set forth in said complaint is payable to the people, and no assignment has been made to the plaintiff. 2. That several causes of action against different persons have been improperly joined. 3. That no leave to sue the bond has been granted by the surrogate. 4. That the action should have been brought by Frank Hiscock, surviving executor. 5. If there were no executor to sue, an administrator *de bonis non* should have been appointed, who alone can sue. 6. That there is a defect of parties in this, that Frank Hiscock should have been a party defendant. 7. That the complaint does not state facts sufficient to constitute a cause of action.

It is doubtful whether an appeal lies to the General Term from the interlocutory judgment in this case, which is in substance an appeal from the order that the plaintiffs have judgment *unless* the defendants, who have interposed a demurrer shall answer over within twenty days, etc.

The Superior Court of the city of New York have in several cases decided at General Term, that an appeal does not lie from

such an order in such a case. (See *Garner* v. *The Harmony Mills*, *impl'd*, etc., 45 Supr. Ct. Rep., 148; *Cameron* v. *The Eq. Life Ins. Co. of the U. S.*, Id., 628, and *Church* v. *The Am. Rapid Telegraph Co.*, N. Y. Weekly Dig., vol. 11, No. 24, p. 553.)

But having arrived at the conclusion that the order made by Mr. Justice MULLIN must be affirmed upon the merits, we pass by this objection to the regularity of the appeal and proceed to consider the order on the merits.

The allegation in the complaint is that the executor, John A. Green, committed in his lifetime a *devastavit* of the estate of the said Elizabeth Bristol, and that he the said John A. Green died intestate, without ever having accounted as such executor and trustee for or paid over to any one entitled to receive the same, the money or property which came to his possession as such executor and trustee, and without having been in any manner discharged as such executor and trustee, and that at the time of his death the said John A. Green was bankrupt and insolvent, and unable to pay his debts in full, and that no payment whatever has been made on the sum so appropriated by said Green as aforesaid, except those made by the assignee in bankruptcy of Jaycox and Green. That there are no assets of the estate of said Green. That upon the death of said Green said Frank Hiscock duly resigned as such executor and trustee of the said Elizabeth D. Bristol, and thereupon the plaintiff was by an order of this court duly appointed trustee of the estate of Elizabeth D. Bristol in the place and stead of said Hiscock and Green, which order is fully set forth in the complaint and purports to have been made on a full settlement of the accounts of said Hiscock as one of the executors and trustee of Mrs. Bristol. The complaint further alleges that on or about the 3d of April, 1873, an accounting was had before the surrogate of Onondaga between the representatives of the estate of Green and the said Bristol of the trust and of the receipts and disbursements of said Green as such executor and trustee, upon which accounting it was ascertained, determined and decreed that there was due from the estate of said Green, to the estate of said Bristol for moneys appropriated by said Green to his own use as such executor and trustee, the sum of $12,212.18, to which decree the plaintiff refers as a part of his complaint.

This is not an action on the bond given by Green with Haskin and

Jaycox as his sureties under the statute, but is an action in equity for an accounting. It is impossible to bring an action *on the bond,* because of the fact that Green died before rendering any account and before any decree was made by the surrogate, and no judgment had been obtained against Green as executor. (2 R. S., 116, § 19, etc.)

Consequently the surrogate could not order the bond to be prosecuted, because Green had not refused or omitted to perform any decree made against him by the surrogate. The plaintiff cannot proceed in the Surrogate Court under the statute, because no decree was made against Green in his lifetime, and although the surrogate has determined the amount of the *devastavit,* the plaintiff cannot bring a suit against Green's representatives because they have no funds with which to pay, and the surrogate cannot make a decree that the administrators of Green shall pay without first having ascertained that they have assets in their hands applicable to such purpose, and for this reason probably the surrogate has made no order that Green's administrators shall pay the amount which he found that Green had misappropriated of the estate of Elizabeth Bristol. This not being an action at law on the bond of Green and his sureties, the authorities cited by the appellants, showing *how* to sue upon the bond of one executor or administrator, and *who* can sue thereon, are not in point. They are under the statute applicable to cases where the executor or administrator had refused or omitted to comply with a decree.

The existence of a Surrogate Court and the equitable powers conferred upon it have not taken away or abridged any of the powers of a court of equity, and unless the plaintiff can have relief in a court of equity, the case would present the anomalous one of a party having a bond conceded to be valid without any mode of legally enforcing it.

The living surety, Jaycox, and the representatives of the deceased surety, Haskin, and the representatives of the deceased principal, Green, being all parties defendant, the court has power to compel an accounting for the trust estate and to decree payment of the amount at which it shall determine the *devastavit* by the principal or by his sureties in the same action, and will not compel the party beneficially interested in the bond, first to proceed against the representatives of the deceased insolvent principal to establish the

abstract fact of the *devastavit*, and after having so established that fact, then to bring another action against the personal representatives of the deceased surety, to compel them to pay the amount thereof.

Whether the proceedings be in equity or at law, of course the *devastavit* must be established by competent evidence, as preliminary to the liability of the estate of Haskin, the surety on the bond of Green.

" Where an administrator committing a *devastavit* is dead, equity will, before action establishing it, take cognizance of a suit against his sureties or their representatives, and the persons interested in any estate which he may have left, and make them liable for any waste or misapplication of assets. But this would not be done in an ordinary case where the administrator is in full life and within the reach of a court of law, or the Surrogate's Court." Such is the principle upon which the case of *Carow* v. *Mowatt* (2 Edw. Ch. R., 57), was decided, which case was principally founded on the case of *Spottswood* v. *Dandridge* (4 Munf., 289), decided by the Court of Appeals of Virginia, and in which the latter court gave an elaborate opinion to the effect that a court of equity has jurisdiction in all such cases. The embarrassments in such cases growing out of the situation of the parties, which prevent or render the obtaining relief at law hazardous and uncertain, are a sufficient reason to give a court of equity jurisdiction, where all the parties in interest can be convened and justice administered according to the rights of each party.

The judgment appealed from is affirmed with costs to the respondent, and with leave to the appellants to withdraw their demurrer and to put in an answer in twenty days, on payment of costs of the appeal and demurrer.

Present—Talcott and Smith, JJ.; Mullin, P. J., not sitting.

Ordered accordingly.